IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| ROLANDO ZAPATA,<br><br>      Plaintiff,<br>v.<br><br>XTREME RECOVERY & TRANSPORT, INC., a Florida Profit Corporation, DAVID MAYHOOD, Individually, and TYLER GOSSARD, Individually,<br><br>      Defendants. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ROLANDO ZAPATA ("Plaintiff"), files this Complaint against Defendants, XTREME RECOVERY & TRANSPORT, INC. ("XTREME RECOVERY"); DAVID MAYHOOD ("MAYHOOD"), individually; and TYLER GOSSARD ("GOSSARD"), individually, (collectively, "Defendants"), and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, located within the Middle District of Florida.

## **PARTIES**

4. At all times material hereto, Plaintiff was a resident of Collier County, Florida.

5. At all times material hereto, Defendant, Xtreme Recovery, was a Florida Profit Corporation engaged in business in Florida, with a principal place of business in Lee County, Florida.

6. Upon information and belief, and at all times material hereto, Defendant Mayood was an individual resident of the State of Florida.

7. Upon information and belief, and at all times material hereto, Defendant Gossard was an individual resident of the State of Florida.

8. At all times material hereto, Defendant Mayhood was an "employer" as defined by 29 U.S.C. § 201, et seq.

9. At all times material hereto, Defendant Mayhood was the President of Xtreme Recovery, and owned and operated Xtreme Recovery along with Defendant Gossard.

10. Based on information and belief and at all times material hereto, Defendant Mayhood had the authority to hire and fire employees of Xtreme Recovery.

11. Based on information and belief and at all times material hereto, Defendant Mayhood controlled the finances and operations of Xtreme Recovery.

12. At all times material hereto, Defendant Mayhood had the authority to direct the work of the employees of Xtreme Recovery.

13. At all times material hereto, Defendant Gossard was an "employer" as defined by 29 U.S.C. § 201, et seq.

14. At all times material hereto, Defendant Gossard was the Vice President of Xtreme Recovery, and owned and operated Xtreme Recovery along with Defendant Mayhood.

15. At all times material hereto, Defendant Gossard regularly hired and fired employees of Xtreme Recovery.

16. At all times material hereto, Defendant Gossard regularly determined the work schedules for the employees of Xtreme Recovery.

17. At all times material hereto, Defendant Gossard controlled the finances and operations of Xtreme Recovery.

18. At all times material hereto, Defendant Gossard regularly directed the work of the employees of Xtreme Recovery.

19. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

20. At all times material hereto, Defendants were, and continue to be "employers" within the meaning of the FLSA.

21. At all times material hereto, Defendant Xtreme Recovery was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

22. Based upon information and belief, the annual gross revenue of Xtreme Recovery was in excess of $500,000.00 per annum during the relevant time periods.

23. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, trucks, employee uniforms, and gasoline, which were used directly in furtherance of Defendants' commercial activity of operating a towing services and road side assistance company.

24. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of providing services on highways that regularly

facilitated the flow of interstate commerce.

25. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

26. Xtreme Recovery is a company that provides towing services and road side assistance to its customers.

27. Plaintiff worked for Defendants from approximately August 15, 2018 through November 20, 2018.

28. Plaintiff worked for Defendants as a non-exempt, driver throughout the duration of his employment.

29. Plaintiff's primary duties included, but were not limited to, providing towing services, lockout services, gas services, changing flat tires, and providing "jump" starts to Defendants' customers.

30. Additionally, when Plaintiff was not responding to service calls, Defendants required Plaintiff to report to Defendants' main office in order to complete additional tasks involving manual labor including, but not limited to, picking up truck parts, moving the lawn, and cleaning the yard where the trucks were kept.

31. Plaintiff maintained the same duties throughout the duration of his employment.

32. At all times material hereto, Defendants purported to compensate Plaintiff a flat "salary" each week.

33. For approximately Plaintiff's first week of employment, Defendants compensated him $500.00.

34. After approximately one week of employment Defendants raised Plaintiffs' pay to

4

$550.00 per week.

35.     A few weeks thereafter, Defendants raised Plaintiff's pay to $600.00 per week.

36.     At all times material hereto, Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular and primary job duties.

37.     Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff proper overtime compensation at a rate of one and one-half times his regular rate of pay for the hours that he worked over forty (40) in each work week.

38.     Instead, Defendants only compensated Plaintiff his flat "salary" each week, with no additional compensation for the hours that he worked over forty (40) each week.

39.     Therefore, Defendants failed to pay Plaintiff proper overtime premium compensation for those hours that he worked over forty (40) each week.

40.     Plaintiff should have been, and should be, compensated at a rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiff.

41.     Upon information and belief, Defendants failed to keep accurate records of the hours that Plaintiff worked.

42.     Defendants have violated Title 29 U.S.C. §207 in that:

  a.     Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks throughout the duration of his employment with Defendants;

  b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours each workweek, as provided by the FLSA;

c. Defendants failed to maintain proper time records as mandated by the FLSA;

43. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I - VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

44. Plaintiff realleges and reincorporates paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff worked in excess of forty (40) hours per week.

46. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

47. Plaintiff is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

48. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

50. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

52. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

b. Overtime compensation for all hours worked over forty in a work week at the applicable time and one-half rate;

c. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

e. Reasonable attorney's fees and costs of this action as provided by statute; and

f. Such other relief to which Plaintiff may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: March 18, 2019.

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Andrew R. Frisch
Florida Bar No. 27777
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) 318-0268 F: (954) 327-3039
Email: cventura@forthepeople.com
Email: afrisch@forthepeople.com

7