UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLANDO ZAPATA,

    Plaintiff,

v.                                                Case No.:   2:19-cv-163-FtM-29MRM

XTREME RECOVERY & TRANSPORT,
INC., DAVID MAYHOOD and TYLER
GOSSARD,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is the Joint Motion to Approve Settlement and for Dismissal With Prejudice with an attached Settlement Agreement and Release. (Doc. 18; Doc. 18-1). Plaintiff Rolando Zapata and Defendants Xtreme Recovery & Transports, Inc. and Tyler Gossard request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims asserted in the case. After a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement.

As a preliminary matter, Defendant David Mayhood did not execute the Joint Motion to Approve Settlement and did not execute the Settlement Agreement and Release. (Doc. 18 at 1; Doc. 18-1 at 3). The Undersigned entered an Order on June 21, 2019 requiring Plaintiff to explain the status of Defendant Mayhood. (Doc. 19).

In response, Plaintiff filed a Notice Regarding Defendant David Mayhood on June 27, 2019. (Doc. 20). Plaintiff explained that he was having difficulty serving Mr. Mayhood. (*Id.* at 1-2). Plaintiff further explained that "it was the intention of the Parties that Mayhood be included and covered under the settlement by virtue of the language therein." (*Id.* at 2 ¶ 8).

Plaintiff then requests "that the case be dismissed with prejudice against all Defendants upon the Court's approval of the settlement."  (*Id.* at 2 ¶ 9).  Based on the representations of Plaintiff, the Undersigned also recommends that Defendant David Mayhood be dismissed with prejudice upon approval of the settlement.

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id*.  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages.  *Id.* at 1354.  The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

## CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT

In the Complaint, Plaintiff alleges that he worked as a non-exempt driver for Defendants, and his primary duties included providing towing services, lockout services, gas services, changing flat tires, and providing jump starts to customers. (Doc. 1 at 4 ¶¶ 28-29). Plaintiff also alleges that he reported to the main office to complete additional tasks involving manual labor. (*Id.* at 4 ¶ 30). Plaintiff claims that Defendants paid Plaintiff a flat salary each week. (*Id.* at 4 ¶ 32). Plaintiff further claims that he worked in excess of forty (40) hours per week, but Defendants failed to pay him proper compensation for these additional hours. (*Id.* at 5 ¶¶ 36-39).

Defendants dispute that Plaintiff is owed any overtime wages and, even if he is owed additional wages, Defendants dispute the number of alleged hours that Plaintiff worked in excess of forty (40) hours per week and whether Plaintiff's flat salary was intended to cover any additional hours. (Doc. 18 at 2, 6). Further, Defendants dispute whether Plaintiff is entitled to liquidated damages. (*Id.*).

## ANALYSIS

Even though a *bona fide* dispute exists between the parties (*see id.* at 2), the parties successfully negotiated a settlement of Plaintiff's claims (*id.* at 3). The parties agreed to settle this matter to avoid the expense and uncertainty of further litigation. (*Id.* at 3).

*Monetary Terms*

According to Plaintiff's calculations, Plaintiff estimates that he is owed $2,200.00 in back wages plus an equal amount as liquidated damages. (*Id.*). After an exchange of information and documentation, "Plaintiff agreed to accept an additional half-time of his regular rate of pay for 15 hours of overtime each week." (*Id.*). Thus, the parties settled this matter as follows: (1)

$1,213.64 for unpaid overtime wages; and (2) $1,213.64 for liquidated damages.  (*Id.*; Doc. 18-1 at 1).  The Undersigned finds the monetary terms are a fair and reasonable resolution of the dispute.

*Attorney's Fees*

The proposed settlement includes an agreement that Defendant pay Plaintiff's attorney's fees in the amount of $3,572.30.  (Doc. 18 at 3; Doc. 18-1 at 1).  The parties state, "[t]he amount in settlement of Plaintiff's attorneys' fees and costs was negotiated separately from the settlement of Plaintiff's FLSA damages."  (Doc. 18 at 3).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiff. (Doc. 18 at 3). The Undersigned finds, therefore, that the proposed settlement of Plaintiff's attorney's fees is reasonable and fair.

Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable, and should be approved by the Court.

## CONCLUSION

The Undersigned finds that the Joint Motion to Approve Settlement and for Dismissal With Prejudice (Doc. 18) and the Settlement Agreement and Release (Doc. 18-1) appear reasonable on their faces. Accordingly, the Undersigned recommends that the Settlement Agreement and Release be approved.

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1) The Joint Motion to Approve Settlement and for Dismissal With Prejudice (Doc. 18) be **GRANTED**.

2) The Settlement Agreement and Release (Doc. 18-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

3) Defendant David Mayhood be dismissed with prejudice.

4) If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 28, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties